DISCIPLINARY COUNSEL *v.* SIMON.

[Cite as *Disciplinary Counsel v. Simon,* **128 Ohio St.3d 359, 2011-Ohio-627.**]

*Attorneys at law — Misconduct — Failure to cooperate in disciplinary investigation — Conduct adversely reflecting on fitness to practice law — Conduct prejudicial to the administration of justice — Commingling — One-year stayed suspension.*

(No. 2010-1763 — Submitted January 4, 2011 — Decided February 16, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-012.

_____

**Per Curiam.**

{¶ 1} Respondent, Thomas John Simon of Ashtabula, Ohio, Attorney Registration No. 0009725, was admitted to the practice of law in Ohio in 1981.

{¶ 2} On February 8, 2010, relator, Disciplinary Counsel, filed a complaint charging respondent with violations of the Code of Professional Responsibility, Rules of Professional Conduct, and Rules for the Government of the Bar of Ohio arising from the misuse of his client trust account and failure to respond to relator's request for information during the ensuing investigation.

{¶ 3} The parties entered into a consent-to-discipline agreement pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") and agreed that a one-year stayed suspension is the appropriate sanction for this misconduct. The Board of Commissioners on Grievances and Discipline adopted the agreement of the parties in its entirety. Because it is an appropriate sanction in this case, we accept the board's recommendation and impose a one-year stayed suspension.

**Misconduct**

{¶ 4} The stipulated facts of this case show that from March 2007 through December 2008, respondent deposited into his client trust account both client and personal funds, including attorney fees and retainers, and money from his Public Employees Retirement System account. From June 2005 through March 2009, respondent wrote checks to himself, his wife, and his creditors, using his client trust account as though it were a personal bank account and law-office operating account.

{¶ 5} Respondent submitted a timely response to relator's initial letter of inquiry. But when relator requested copies of his 2005 to 2008 income tax returns, respondent assured him that he would provide them and then failed to do so in a timely fashion. He did, however, provide those documents to relator prior to the execution of the consent-to-discipline agreement, and relator states that there is no evidence suggesting that respondent used his client trust account in an effort to shield funds from creditors or the Internal Revenue Service.

{¶ 6} The parties have stipulated that respondent's conduct prior to February 1, 2007,[1] violated DR 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and 9-102(A) (requiring the preservation of the identity of client funds), that his conduct after that date violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients separate from the lawyer's own property) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and that his failure to provide information requested by relator violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is

---

1. February 1, 2007, is the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility.

prejudicial to the administration of justice), and 8.4(h) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

### Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 8} Neither the parties nor the board has identified any aggravating factors weighing in favor of a greater sanction, but we find that the respondent has engaged in a pattern of misconduct. See BCGD Proc.Reg. 10(B)(1)(c). The parties have stipulated and the board agrees that respondent's lack of a prior disciplinary record, the absence of a dishonest or selfish motive, and his character and reputation are mitigating factors weighing in favor of a lesser sanction. See BCGD Proc.Reg. 10(B)(2)(a), (b), and (e).

{¶ 9} In *Disciplinary Counsel v. Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892, ¶ 16, we imposed a one-year suspension stayed on the conditions that the attorney complete one year of monitored probation and six hours of continuing legal education in law-office management and accounting. Like the respondent in this case, Johnston had impermissibly commingled his personal and client funds and used his client trust account to pay his personal and business expenses. Id. at ¶7. But Johnston's conduct was more serious than respondent's because he had overdrawn his client trust account 22 times in a two-year period. Id. at ¶ 8. In contrast, there is no evidence that respondent's trust account was ever overdrawn or that any client was harmed as a result of his

conduct. Thus, we agree that a one-year stayed suspension is an appropriate sanction for respondent's misconduct.

{¶ 10} Therefore, on the board's recommendation, we accept the consent-to-discipline agreement. For violations of DR 1-102(A)(6) and 9-102(A), Prof.Cond.R. 1.15(a), 8.1(b), 8.4(d), and 8.4(h), and Gov.Bar R. V(4)(G), we hereby suspend Thomas John Simon from the practice of law for one year but stay that suspension on the condition that he commit no further misconduct. If respondent fails to comply with this condition, the stay will be lifted and respondent will serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Thomas J. Simon, pro se.

_____