DISCIPLINARY COUNSEL *v.* MAGUIRE.

[Cite as *Disciplinary Counsel v. Maguire*,

131 Ohio St.3d 412, 2012-Ohio-1298.]

*Attorneys—Misconduct—Trust-account rule violations and failure to cooperate in*

*the disciplinary investigation—One-year license suspension.*

(No. 2011-1739—Submitted December 7, 2011—Decided March 29, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-058.

_____

**Per Curiam.**

{¶ 1} Respondent, Peggy Maguire of Lewis Center, Ohio, Attorney Registration No. 0071966, was admitted to the Ohio bar in 2000.

{¶ 2} On June 24, 2010, JPMorgan Chase Bank sent notice to relator, disciplinary counsel, that Maguire's client trust account was overdrawn. JPMorgan sent relator notices of two additional overdrafts on August 5, 2010.

{¶ 3} Relator sent a letter of inquiry to Maguire on July 26, 2010, regarding the first overdraft. Maguire did not respond to this letter. On August 19, 2010, relator sent another letter to Maguire regarding all three overdrafts.

{¶ 4} Maguire responded with a letter dated September 2, 2010, in which she maintained that the money in her client trust account was "not client money, but [her] own." According to Maguire, over the past few months, she had been working primarily as a nurse and was not taking on new clients. Maguire explained that she had kept the trust account open and had deposited her nursing checks into the account in case she decided to resume her law practice. Her letter also stated that she had paid off the overdrafts using her nursing money and had closed the account.

**{¶ 5}** On September 7, 2010, relator sent letters requesting additional information from Maguire regarding the overdrafts and her use of the client trust account, noting that Maguire had paid personal bills from the account.

**{¶ 6}** Relator sent another letter to Maguire on October 7, 2010, again requesting additional information. Maguire replied by letter on November 2, 2010, informing relator that she had changed her law license status to inactive, had no plans to return to the practice of law, and would not be reopening her client trust account. Maguire did not, however, address the overdrafts or her management of the trust account.

**{¶ 7}** On November 9, 2010, relator subpoenaed Maguire for a deposition to be held on November 29, 2010. Maguire did not appear. On the day of the scheduled deposition, relator sent Maguire another letter requesting that she contact relator immediately. Maguire failed to answer the letter. A similar letter was sent to Maguire on December 22, 2010, but that letter also went unanswered.

**{¶ 8}** On February 23 and March 22, 2011, relator sent letters advising Maguire that it was terminating its disciplinary investigation and filing a formal complaint against her. On May 3, 2011, relator sent Maguire a copy of a drafted complaint and a notice of intent to file it. Maguire did not respond to any of these notices.

**{¶ 9}** On June 13, 2011, relator filed a complaint with the Board of Commissioners on Grievances and Discipline charging Maguire with professional misconduct. The charged misconduct arose from her alleged misuse of her client trust account and failure to cooperate in the disciplinary investigation.

**{¶ 10}** The board sent notice of relator's complaint to Maguire and requested her written answer within 20 days of June 16, 2011. The board, however, was unable to serve Maguire at her residence, the only address listed with the Office of Attorney Registration. The board thereafter perfected service

2

on June 24, 2011, through the clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B) (clerk is agent for attorney who conceals his or her whereabouts).

{¶ 11} Maguire did not file an answer to the complaint. On August 25, 2011, relator filed a motion for default judgment pursuant to Gov.Bar R. V(6)(F). In support of its motion for default, relator submitted affidavits of the assistant disciplinary counsel charged with investigating Maguire's alleged misconduct and the staff investigator who assisted in the investigation. The default-judgment motion also contained the affidavit of Aaron Ziraks, an employee of ATC Healthcare, the company that employed Maguire as a nurse for four months in 2010. Also submitted were letters from Maguire to relator acknowledging that she was aware of the bank records from JPMorgan Chase and the disciplinary investigation.

{¶ 12} A master commissioner appointed by the board granted relator's motion for default judgment, making findings of fact and conclusions of law that Maguire had engaged in misconduct and recommending that she be suspended from the practice of law for one year. The board adopted the master commissioner's findings of fact, conclusions of law, and recommendation.

{¶ 13} We adopt the board's findings of fact and conclusions of law and its recommendation of a one-year suspension.

## Misconduct

### *Misuse of Client Trust Account*

{¶ 14} Maguire, a sole practitioner, maintained a client trust account at JPMorgan Chase Bank. Maguire was also employed as a nurse with ATC Healthcare from May 2010 until August 23, 2010. During this time, Maguire deposited several nursing paychecks from ATC Healthcare into her client trust account. Maguire deposited client checks into her client trust account during this same time. Also during this time, Maguire used the money in her client trust account to pay personal expenses. Finally, bank records show that Maguire had

overdrawn her client trust account three times: on June 22, July 6, and August 3, 2010.

**{¶ 15}** A lawyer is required to hold property of clients in an interest-bearing account separate from the lawyer's own property. Prof.Cond.R. 1.15(a) (a client trust account shall contain only funds belonging to clients). Maguire deposited nursing paychecks from ATC Healthcare into her client trust account, commingling her own funds with those of her clients. Therefore, we agree with the board that she violated Prof.Cond.R. 1.15(a). Maguire also deposited money she earned as a nurse into the account and used that money to pay personal expenses. Accordingly, we agree with the board that in doing so, Maguire violated Prof.Cond.R. 1.15(b) (allowing a lawyer to deposit personal funds into a trust account only to pay or waive bank charges on the account). The board also found that Maguire had engaged in conduct that adversely reflects on the lawyer's fitness to practice law. Prof.Cond.R. 8.4(h). We agree. Maguire overdrew the trust account on June 22, 2010, and the account continued to be overdrawn until she closed it. This and the other evidence cited above demonstrate that Maguire used her client trust account for purposes other than safekeeping client-entrusted funds.

*Failure to Cooperate in Disciplinary Investigation*

**{¶ 16}** After receiving notice that Maguire had overdrawn her client trust account, relator sent her a total of seven letters inquiring about the overdrafts and her use of the trust account. Maguire failed to respond to five of the letters, and offered only partial responses to the other two. Relator also subpoenaed Maguire to attend a deposition, but Maguire failed to appear.

**{¶ 17}** Because Maguire repeatedly ignored investigative inquiries, we agree with the board that she violated Gov.Bar R. V(4)(G) (requiring lawyers to cooperate in an investigation of professional misconduct).

4

**Sanction**

{¶ 18} In recommending a sanction, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg 10. The board found no aggravating factors. In mitigation, the board found only that Maguire had no prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a).

{¶ 19} The board recommended that Maguire be suspended from the practice of law for one year.

{¶ 20} Having reviewed the record, we agree that a one-year suspension is the appropriate sanction in this case. The record reflects that Maguire used her client trust account as a personal bank account, conducting financial transactions through it that were unrelated to the practice of law. Maguire deposited personal funds into her client trust account, commingled client and personal funds, paid personal expenses out of the account, and caused overdrafts to the account. In recent cases involving misuse of client trust accounts, we have issued one-year stayed suspensions. *See Disciplinary Counsel v. Simon*, 128 Ohio St.3d 359, 2011-Ohio-627, 944 N.E.2d 660, ¶ 10, and *Disciplinary Counsel v. Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892, ¶ 13, 16 (one-year stayed suspension with monitored probation). Maguire's misuse of her client trust account is similar to the misuse of the trust accounts in *Simon* and *Johnston*. Maguire's failure to cooperate in the disciplinary investigation, however, warrants a more severe sanction than that imposed in those cases.[1]

{¶ 21} Accordingly, Peggy Maguire is suspended from the practice of law in the state of Ohio for a period of one year. Costs are taxed to Maguire.

Judgment accordingly.

---

1. Attorney Simon was also charged with refusing to cooperate in the investigation when he failed to provide information to disciplinary counsel in a timely manner. Simon, however, subsequently provided the information and executed a consent-to-discipline agreement. In contrast, Maguire never fully cooperated and never admitted wrongdoing.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Coglianese, Assistant Disciplinary Counsel, for relator.

_____