DISCIPLINARY COUNSEL *v.* EYNON.

[Cite as *Disciplinary Counsel v. Eynon,* 135 Ohio St.3d 274, 2013-Ohio-953.]

*Attorney misconduct, including engaging in conduct that is prejudicial to the administration of justice, failing to hold property of clients in an account separate from the attorney's own property, and failing to cooperate with a disciplinary investigation.*

(No. 2011-1422—Submitted January 9, 2013—Decided March 19, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-028.

_____

**Per Curiam.**

{¶ 1} Respondent, Ernest A. Eynon II of Cincinnati, Ohio, Attorney Registration No. 0022392, was admitted to the practice of law in Ohio in 1969. In a two-count complaint filed on April 11, 2011, relator, disciplinary counsel, charged Eynon with improper use of his client trust account and failure to cooperate in the resulting disciplinary investigation.

{¶ 2} Although the complaint was served by certified mail, Eynon did not answer it, and relator moved for default. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline found, by clear and convincing evidence, that Eynon committed the charged misconduct and recommended that he be suspended from the practice of law for two years, with 12 months stayed. The board adopted the master commissioner's findings of fact, conclusions of law, and recommended sanction, and on August 30, 2011, this court issued an order to show cause why the court should not confirm the board's recommendation and enter an order of discipline.

**{¶ 3}** On October 10, 2011, Eynon moved the court to remand the cause to the board so that he could submit mitigating evidence or, alternatively, supplement the record with a psychological report under seal. We granted Eynon's motion in part, remanded this cause to the board for the consideration of mitigating evidence, and ordered the parties to submit an agreed redacted copy of a psychological report.

**{¶ 4}** On remand, a panel of the board conducted a hearing to receive Eynon's mitigating evidence. In light of the evidence presented, the panel recommended that Eynon be suspended from the practice of law for one year, all stayed on conditions. The board adopted the panel's report and recommended sanction. Having considered Eynon's misconduct, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, we find that a one-year suspension, all stayed on the conditions recommended by the board, will adequately protect the public from future misconduct.

### Misconduct

**{¶ 5}** Relator submitted evidence with its motion for default that in September 2010, KeyBank notified relator that two items posted to Eynon's client trust account had been returned for insufficient funds. Over the next several months, relator sent Eynon several letters of inquiry, but Eynon did not respond. He also failed to respond to a subpoena duces tecum ordering him to appear for deposition and produce his client-trust-account records. Consequently, relator subpoenaed the trust-account records from KeyBank. The records produced by the bank show that Eynon had issued a number of checks from his client trust account to several professional and civic associations as well as other businesses, including PNC Bank, ING Reliastar, and a law firm. A check from the Angela B. Eynon Trust was deposited into the account, and a total of 19 PayPal transactions were deducted from it.

**{¶ 6}** With respect to Count One, the board found that by failing to respond to relator's disciplinary investigation, Eynon violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

**{¶ 7}** Based upon Eynon's use of his client trust account for his personal and business-related banking, with respect to Count Two, the board found that he violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(b) (permitting a lawyer to deposit his or her own funds in a client trust account for the sole purpose of paying or obtaining a waiver of bank service charges), and 8.4(h). We adopt the board's findings of fact and misconduct.

### Sanction

**{¶ 8}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 9}** On remand, Eynon testified before the panel and did not dispute that he had overdrawn his client trust account or that he had paid a number of personal and business expenses out of the account. He explained, however, that he had deposited money provided by his wife into the account to cover those

expenses. He stated that for most of his legal career, he worked for a large law firm and had not been responsible for conducting the firm's banking, and that he did not receive training regarding proper client-trust-account management until 2012. Eynon now understands that his handling of his client trust account was inappropriate, and he sincerely apologized for his misconduct.

{¶ 10} With regard to his failure to respond to the disciplinary investigation, Eynon testified that upon his receipt of the first letter of inquiry from relator, he froze and could not respond. He stated that after the second notice, he did not open any of relator's correspondence. He expressed his belief that if relator's investigator had called him on the phone, he would have responded, but indicated that he could not pick up the phone to make the call himself.

{¶ 11} Eynon presented testimony, letters, and an affidavit from a number of people who attested to his integrity and good character. A psychological evaluation prepared by Jeffrey L. Smalldon, Ph.D., documented that Eynon suffered from major depression occasioned by a series of personal tragedies—including the substance abuse and addiction of one of his children, the untimely death of a grandchild, and the fallout from an unsuccessful investment—that psychologically immobilized him and grossly impaired his judgment at the time the charged misconduct occurred, and further prevented him from responding to relator's inquiries. Eynon commenced treatment with Elizabeth Poe, L.I.S.W., L.I.C.D.C., on March 12, 2012. She testified that she diagnosed Eynon with dysthymia, stated that his symptoms had improved with a sustained period of treatment, and expressed her opinion that he was capable of practicing law in an ethical manner. Moreover, the board found that Eynon entered into a two-year contract with the Ohio Lawyers Assistance Program ("OLAP") on February 8, 2012, to assist and monitor his recovery.

4

**{¶ 12}** In addition to recognizing Eynon's mental disability as a mitigating factor pursuant to BCGD Proc.Reg. 10(B)(2)(g), the board also found that his character and reputation for integrity are unblemished, he has no prior disciplinary record, and he did not act with a dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), and (e).

**{¶ 13}** Aggravating factors found by the board include a pattern of misconduct involving multiple offenses and Eynon's failure to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), and (e).

**{¶ 14}** In *Disciplinary Counsel v. Maguire*, 131 Ohio St.3d 412, 2012-Ohio-1298, 965 N.E.2d 996, we imposed a one-year suspension on an attorney who commingled personal and client funds in her client trust account, used the account to pay personal expenses, overdrew the account on several occasions, and failed to cooperate in the resulting disciplinary investigation. The only mitigating factor was that Maguire had no prior disciplinary record. And in *Disciplinary Counsel v. Simon*, 128 Ohio St.3d 359, 2011-Ohio-627, 944 N.E.2d 660, ¶ 10, we imposed a one-year, fully stayed suspension on an attorney who engaged in similar misconduct involving his client trust account and who responded to the relator's initial letter of inquiry but later failed to provide requested records in a timely fashion. That attorney eventually entered into a consent-to-discipline agreement with the relator.

**{¶ 15}** We find that the mitigating factors present in this case, including Eynon's exemplary record apart from the charged misconduct, his excellent reputation, and his diagnosed mental impairment, which impaired his ability to cooperate in the underlying disciplinary investigation, render this case most comparable to *Simon*. Therefore, we agree that the appropriate sanction for Eynon's misconduct is a one-year fully stayed suspension, as recommended by the board.

**{¶ 16}** Accordingly, Ernest A. Eynon II is suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that he commit no further misconduct, remain in compliance with his OLAP contract, and satisfactorily complete his counseling with Elizabeth Poe. Costs are taxed to Eynon.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, Chief Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, L.P.A., Geoffrey Stern, and Rasheeda Z. Khan, for respondent.

_____