**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Daniell,* **Slip Opinion No. 2014-Ohio-3161.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3161

DISCIPLINARY COUNSEL *v*. DANIELL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Daniell,* Slip Opinion No. 2014-Ohio-3161.]**

*Attorneys—Misconduct—Failure to properly maintain records for trust account— Failure to cooperate in disciplinary investigation—One-year suspension stayed on conditions.*

(No. 2013-1988—Submitted February 5, 2014—Decided July 23, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2012-086.

_____

**Per Curiam**.

{¶ 1} Respondent, Ric Daniell, of Columbus, Ohio, Attorney Registration No. 0032072, was admitted to the practice of law in Ohio in 1978. In December 2012, relator, disciplinary counsel, charged Daniell with professional misconduct for failing to properly prepare and maintain records of his client trust account and for failing to cooperate in the ensuing disciplinary investigation.

Daniell and relator entered into stipulations of fact and misconduct, and as a sanction, the parties jointly recommended that Daniell serve a stayed one-year suspension on conditions. After a hearing, a three-member panel of the Board of Commissioners on Grievances and Discipline adopted the parties' stipulations and recommended sanction. The board then issued a report adopting the panel's findings of fact and the findings of misconduct except for the finding of a violation of Prof.Cond.R. 8.4(h). The board also adopted the recommended sanction. No party has filed objections to the board's report and recommendation.

{¶ 2} Upon our review of the record, we accept the board's findings of fact and misconduct and agree that a one-year suspension, all stayed on conditions, is the appropriate sanction in this case.

**Misconduct**

{¶ 3} Daniell is a solo practitioner, focusing primarily in bankruptcy law but also handling domestic-relations and municipal-court cases.

{¶ 4} In May 2008, Fifth Third Bank notified relator that Daniell had overdrawn his client trust account. Relator sent Daniell a series of letters requesting that he explain the overdraft and provide copies of monthly statements for his account as well as client ledgers for the time period of the overdraft. After relator sent his fourth letter of inquiry, Daniell responded by attempting to explain the circumstances causing the overdraft, but he failed to produce any of the records requested by relator. After additional follow-up inquiries, relator discovered that Daniell had not been maintaining individual client ledgers or monthly statements of his client trust account and had not been performing monthly reconciliations. Prof.Cond.R. 1.15 requires that an attorney hold client funds in a client trust account and maintain records of that account, including (1) individual client ledgers—that is, a record for each client showing the date, amount, and source of funds received on behalf of that client; the date, amount, and purpose of funds disbursed on behalf of the client; and the current balance of

2

funds in the account for that client, (2) a statement for the bank account showing the date and amount of each credit or debit and the balance in the account, and (3) monthly reconciliations of the funds held in the trust account. Prof.Cond.R. 1.15(a)(1) through (5).

{¶ 5} In April 2009, after discussing the recordkeeping requirements of Prof.Cond.R. 1.15 with relator, Daniell executed an affidavit stating that he had read the rule and that he understood his ethical obligations. Daniell further averred that to the extent his accounting practices were deficient, he would "immediately rectify the problems to ensure compliance with [Prof.Cond.R. 1.15]." Based on the affidavit, relator terminated its investigation of Daniell.

{¶ 6} However, on January 12, 2012, Fifth Third Bank again notified relator that Daniell had overdrawn his client trust account. As in 2008, relator sent Daniell a letter of inquiry requesting that he explain the overdraft and provide the relevant records for his client trust account. Daniell responded to relator's letter, but he did not produce any trust-account documents. And after follow-up phone calls from relator, Daniell submitted only bank-generated monthly statements. On March 26, 2012, after two unreturned phone calls, relator sent Daniell another letter seeking up-to-date client ledgers, monthly reconciliation records, additional information regarding the overdraft, and an explanation of his failure to respond to relator's efforts to contact him.

{¶ 7} On March 30, 2012, Daniell responded in writing, attempting to further explain the circumstances causing the overdraft. But Daniell also acknowledged that he had not been keeping client ledgers or monthly reconciliation records. And without further explanation, Daniell indicated that he kept a certain amount of funds other than client funds in his client trust account. Relator then notified Daniell that he was considering filing a formal complaint, and relator sent a follow-up letter requesting a meeting with Daniell. Daniell, however, did not respond to either of relator's communications.

**{¶ 8}** On May 14, 2012, Daniell finally met with relator and agreed to immediately begin providing relator with copies of client ledgers and monthly reconciliations. But again, Daniell did not follow through. Specifically, he failed to timely submit those records for May, June, or July. And when Daniell eventually submitted the records, he produced only handwritten monthly reconciliations, without individual client ledgers.

**{¶ 9}** Based on this conduct, the parties stipulated and the board found that Daniell violated Prof.Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), 1.15(a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account, setting forth the name of the account, the date, amount, and client affected by each credit and debit, and the balance in the account), 1.15(a)(4) (requiring a lawyer to maintain all bank statements, deposit slips, and canceled checks, if provided by the bank, for each bank account), 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account), 1.15(b) (permitting a lawyer to deposit his or her own funds in a client trust account for the sole purpose of paying or obtaining a waiver of bank service charges), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We concur in the board's findings of misconduct.

**{¶ 10}** Although the parties had stipulated to, and the panel had found, a violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), the board determined that Daniell's misconduct was not sufficiently egregious as to merit a finding that he had violated that rule. In *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, we explained that in order to find a violation of Prof.Cond.R. 8.4(h), there must be clear and convincing

evidence that either (1) the lawyer has engaged in misconduct that adversely reflects on the lawyer's fitness to practice law and that the misconduct is not specifically prohibited by another disciplinary rule or (2) the conduct giving rise to a specific rule violation is so egregious as to warrant an additional finding that it adversely reflects on the lawyer's fitness to practice law. *Id.* at ¶ 21. Here, Daniell's conduct violated specific provisions regarding recordkeeping and cooperating in a disciplinary investigation. We agree with the board that Daniell's misconduct was not so egregious as to also warrant a separate violation of Prof.Cond.R. 8.4(h). Accordingly, we dismiss the alleged violation of that rule.

**Sanction**

**{¶ 11}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) but may take into account all relevant factors in determining which sanction to impose.

*Aggravating and mitigating factors*

**{¶ 12}** In aggravation, Daniell engaged in a pattern of misconduct, committed multiple offenses, and failed to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), and (e). Mitigating factors include an absence of a prior disciplinary record and an absence of a dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(2)(a) and (b). In addition, the board noted that at the time of the panel hearing, Daniell was in compliance with the

recordkeeping requirements of Prof.Cond.R. 1.15, and Daniell testified that he had commenced monthly meetings with a bookkeeper to ensure that his records are up to date.

{¶ 13} The board also found, and we agree, that Daniell's mental impairments, which were also stipulated by the parties, qualify as a mitigating factor under BCGD Proc.Reg. 10(B)(2)(g). A psychiatrist, a licensed social worker, and the clinical director of the Ohio Lawyers Assistance Program ("OLAP") separately diagnosed Daniell with multiple depression-related disorders resulting from his wife's death. Daniell's therapist concluded that his depression contributed to his misconduct, and his therapist and OLAP's clinical director testified that Daniell has successfully managed his condition through therapy, medication, and compliance with his four-year OLAP contract, which Daniell entered into in November 2012. Daniell's therapist further concluded that with treatment, Daniell could return to the competent, ethical professional practice of law.

*Applicable precedent*

{¶ 14} To support its recommended sanction, the board cites *Disciplinary Counsel v. Eynon*, 135 Ohio St.3d 274, 2013-Ohio-953, 985 N.E.2d 1285. In that case, an attorney improperly used his client trust account and then failed to produce trust-account records during a disciplinary investigation. *Id.* at ¶ 5-7. We sanctioned the attorney with a one-year suspension, all stayed on conditions. *Id.* at ¶ 16. In mitigation, we noted that the attorney had no prior discipline in a long career and suffered from major depression occasioned by a series of personal tragedies, which psychologically immobilized him at the time of his charged misconduct and further prevented him from responding to relator's inquiries. *Id.* at ¶ 11-12. In addition, we noted that the attorney entered into a two-year OLAP contract to assist and monitor his recovery. *Id.* at ¶ 11.

**{¶ 15}** Similar to the attorney in *Eynon*, Daniell violated the disciplinary rule relating to his client trust account and failed to later cooperate in relator's investigation. And also similar to Eynon, Daniell has no prior discipline in a long career, he has entered into an OLAP contract, and he has submitted evidence establishing that he suffered from major depression resulting from a personal loss that impaired his judgment and prevented him from responding to relator's inquiries. Thus, we agree with the board that the circumstances in *Eynon* are comparable to the circumstances here and that a similar sanction is appropriate.

### Conclusion

**{¶ 16}** Having reviewed the record and the aggravating and mitigating factors, and having considered the sanctions previously imposed in a comparable case, we adopt the board's recommended sanction of a stayed one-year suspension on conditions. Ric Daniell is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that he (1) comply with the treatment contract with OLAP, (2) continue counseling with Dr. Andrea Stuck or another qualified professional approved by OLAP, (3) comply with all medication-therapy recommendations, (4) comply with all trust-account requirements in Prof.Cond.R. 1.15, (5) complete one year of monitored probation, (6) complete his professionally mandated legal-education requirements, including six hours of law-office management and accounting, within one year of the date of this order, and (7) commit no further misconduct. If Daniell fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Daniell.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Catherine Russo, Assistant Disciplinary Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Matthews Jr., for respondent.

————————————