**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Barbera,* **Slip Opinion No. 2017-Ohio-882.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-882

DISCIPLINARY COUNSEL *v.* BARBERA.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Barbera,* Slip Opinion No. 2017-Ohio-882.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to hold client's property in an interest-bearing client trust account and failing to cooperate in a disciplinary investigation— Conditionally stayed one-year suspension.*

(No. 2016-1159—Submitted January 11, 2017—Decided March 15, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-070.

_____

**Per Curiam.**

{¶ 1} Respondent, Richard Barbera, of Medina, Ohio, Attorney Registration No. 0064044, was admitted to the practice of law in Ohio in 1994. In 2015, relator, disciplinary counsel, charged Barbera with professional misconduct

for mismanaging his client trust account and failing to cooperate in relator's ensuing disciplinary investigation. Barbera stipulated to some of the allegations against him, and the matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. Upon consideration of the evidence, the board issued a report finding that Barbera had engaged in the charged misconduct and recommending that we sanction him with a one-year suspension, stayed in its entirety on conditions. Neither party has objected to the board's report.

{¶ 2} Based on our independent review of the record, we accept the board's findings of misconduct and agree with its recommended sanction.

**Misconduct**

*Count I–Client-trust-account violations*

{¶ 3} Barbera is a solo practitioner and previously served as a part-time city prosecutor in Medina. He is also a former member of the Medina County Bar Association Certified Grievance Committee.

{¶ 4} In 2011, Barbera's bank notified relator that Barbera had overdrawn his client trust account. Relator initiated an investigation but dismissed the matter with a warning to Barbera and advised him to comply with the disciplinary rules regulating client trust accounts and to fully cooperate in any future investigation.

{¶ 5} In 2014, relator received a second notice that Barbera had overdrawn his client trust account. During the second investigation, relator discovered that despite relator's previous warning and Barbera's membership on the local certified grievance committee, Barbera fundamentally misunderstood the purpose of a client trust account and therefore had misused his. Specifically, Barbera believed that all money coming into his law practice had to be "washed" through his client trust account, so he deposited all the money he received from clients into that account, even money that he had already earned, which resulted in his commingling his earned fees with client funds. In addition, Barbera later admitted that his accounting and recordkeeping practices were "poor and disorganized," that he had

2

not always performed the required monthly reconciliations of his client trust account, and that because of a computer problem, he had not maintained the records for his client trust account—including individual client ledgers, deposit receipts, canceled checks, and monthly reconciliation ledgers—that the disciplinary rules required him to retain.

{¶ 6} Based on this conduct, the board found that Barbera had violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and 1.15(a)(2) through (5) (requiring a lawyer to maintain certain records regarding funds held in a client trust account and certain bank records as well as to perform and retain a monthly reconciliation of the account). We agree with these findings of misconduct.

*Count II–Failure to cooperate in the disciplinary investigation*

{¶ 7} Between April and July 2014, relator sent Barbera four letters requesting information about the second overdraft of his client trust account and copies of his trust-account records. Although Barbera received the letters, he failed to respond. In August 2014, after yet another letter from relator, Barbera sent relator a one-page fax indicating that he would fax his response later that evening. But Barbera never sent the promised fax. Relator then subpoenaed him for a deposition in September 2014, but later canceled the deposition based on Barbera's representation that he would promptly provide all requested information and documentation. Barbera, however, failed to follow through and never sent the information to relator.

{¶ 8} About nine months later, in July 2015, relator sent Barbera a letter with additional questions about his client trust account and requesting more documentation. Although Barbera spoke to relator's office by telephone and agreed to cooperate with the investigation, he did not formally respond to relator's letter. About a month later, Barbera told relator that he had had "computer issues" and

wanted to set up a meeting, but he failed to reply to relator's repeated voicemails attempting to schedule a meeting. Relator served a subpoena duces tecum on Barbera for a deposition in September 2015, which was later rescheduled for October at Barbera's request. Although Barbera appeared for the October deposition and admitted to mismanaging his client trust account, he never produced the trust-account records requested by relator.

**{¶ 9}** Based on this conduct, the parties stipulated and the board found that Barbera had violated Prof.Cond.R. 8.1(b) and former Gov.Bar R. V(4)(G)[1] (both requiring a lawyer to cooperate with a disciplinary investigation). We agree with the board's findings.

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors involved, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

*Aggravating and mitigating factors*

**{¶ 11}** As aggravating factors, the board found that Barbera engaged in a pattern of misconduct, committed multiple offenses, and failed to cooperate in the investigative phase of the disciplinary process. *See* Gov.Bar R. V(13)(B)(3) through (5). In mitigation, the board determined that Barbera has no prior discipline, lacked a dishonest or selfish motive, acknowledged the wrongful nature of his conduct, and submitted evidence of his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), and (5). The board also noted that Barbera had not misappropriated any client funds, that his misconduct had not harmed any of his clients, and that his ethical violations were due, at least in part, to an honest misunderstanding of trust-account rules.

---

[1] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(4)(G) are codified in Gov.Bar R. V(9)(G). 140 Ohio St.3d CXIX.

**{¶ 12}** The parties stipulated that Barbera's diagnosed depression- and anxiety-related disorders also warranted some mitigating credit under Gov.Bar R. V(13)(C)(7). But for a mental disorder to qualify as a mitigating factor under that rule, the record must demonstrate a "sustained period of successful treatment." *See* Gov.Bar R. V(13)(C)(7)(c). Here, the board noted that Barbera first saw a psychiatrist in March 2016, which was only about three months before his disciplinary hearing. The board also observed that although Barbera had entered into a contract with the Ohio Lawyers Assistance Program ("OLAP") in 2014, he did not attempt to implement its treatment recommendations until recently. Thus, the board was "not convinced" that Barbera had yet engaged in a sustained period of successful treatment and therefore declined to recognize his mental disorders as a mitigating factor under Gov.Bar R. V(13)(C)(7). We agree with the board's conclusions.

*Applicable precedent*

**{¶ 13}** To support its recommended sanction, the board cited three cases in which we issued stayed one-year suspensions on attorneys who either commingled personal and client funds in their client trust accounts or failed to maintain trust-account records (or both) and who also failed to cooperate in the disciplinary investigation about the misuse of their trust accounts. *See Disciplinary Counsel v. Daniell*, 140 Ohio St.3d 67, 2014-Ohio-3161, 14 N.E.3d 1040; *Disciplinary Counsel v. Eynon*, 135 Ohio St.3d 274, 2013-Ohio-953, 985 N.E.2d 1285; *Disciplinary Counsel v. Simon*, 128 Ohio St.3d 359, 2011-Ohio-627, 944 N.E.2d 660. In each case, the attorney had no prior discipline and also lacked a dishonest or selfish motive. *Daniell* at ¶ 12; *Eynon* at ¶ 12; *Simon* at ¶ 8. And in two of the cases, the attorneys had entered into OLAP contracts to assist and monitor the attorneys' recovery from depression-related disorders. *Daniell* at ¶ 13; *Eynon* at ¶ 11.

**{¶ 14}** We agree with the board that *Daniell*, *Eynon*, and *Simon* are applicable precedents and therefore a similar sanction is warranted here. Barbera violated ethical rules analogous to the rules violated by the attorneys in those cases, he has no prior discipline and lacked a dishonest or selfish motive, and he has entered into an OLAP contract. Accordingly, we adopt the board's recommended sanction and agree that a one-year suspension, fully stayed on stringent conditions, is appropriate in this case.

### Conclusion

**{¶ 15}** For the reasons explained above, Richard Barbera is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that he (1) comply with his OLAP contract, (2) continue his therapy with Dr. Jeff Riskin, (3) comply with all therapy recommendations, (4) complete at least three hours of continuing legal education on accounting practices for client trust accounts before the expiration of his stayed suspension, (5) comply with all the requirements for client trust accounts under Prof.Cond.R. 1.15, (6) submit to monitored probation pursuant to Gov.Bar R. V(21) during his stayed one-year suspension, and (7) commit no further misconduct. If Barbera fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Barbera.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

FISCHER, J., not participating.

_____

Scott J. Drexel, Disciplinary Counsel, and Jennifer A. Bondurant, Assistant Disciplinary Counsel, for relator.

Richard Barbera, pro se.

_____