**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Akron Bar Assn. v. Glitzenstein,* **Slip Opinion No. 2018-Ohio-3862.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3862

AKRON BAR ASSOCIATION *v.* GLITZENSTEIN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Akron Bar Assn. v. Glitzenstein,* Slip Opinion No. 2018-Ohio-3862.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including client-trust-account mismanagement—Conditionally stayed 18-month suspension.*

(No. 2018-0255—Submitted February 27, 2018—Decided September 26, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-033.

_____

**Per Curiam.**

{¶ 1} Respondent, Jonell Rae Glitzenstein, of Akron, Ohio, Attorney Registration No. 0061889, was admitted to the practice of law in Ohio in 1993.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on June 29, 2017, relator, Akron Bar Association, charged Glitzenstein with

multiple ethical violations. The alleged violations arose from her failure to properly use and maintain her client trust account, reasonably communicate with a client, protect the interests of two clients on the termination of her representation, and promptly refund an unearned fee. A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** The parties stipulated that Glitzenstein received more than $180,000 in client funds from January 2013 through mid-March 2017. Although a substantial portion of those funds represented retainers and cost advances, she did not deposit them into her client trust account and thereby violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance). She failed to maintain ledger sheets for her clients documenting the funds she held on their behalf and failed to maintain other required records for her client trust account in violation of Prof.Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client that sets forth the name of the client; the date, amount, and source of all funds received on behalf of the client; and the current balance for each client) and 1.15(a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account, setting forth the name of the account; the date, amount, and client affected by each credit and debit; and the balance in the account).

**{¶ 4}** In addition, Glitzenstein failed to respond to one client's messages stating that she no longer wanted to proceed with her divorce and waited nearly two years to refund the unearned portion of that client's retainer. She also failed to return another client's original documents—even after relator informed her that there was no need for her to retain those documents. The parties stipulated that this conduct violated Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably

2

practicable to protect a client's interest), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment).

{¶ 5} The parties agree that three aggravating factors are present: Glitzenstein acted with a selfish motive, engaged in a pattern of misconduct, and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(2), (3), and (4). Stipulated mitigating factors include the absence of prior discipline, a cooperative attitude toward the disciplinary proceedings, and Glitzenstein's November 28, 2017 execution of a two-year contract with the Ohio Lawyers Assistance Program ("OLAP"). *See* Gov.Bar R. V(13)(C)(1) and (4).

{¶ 6} The board recommends that we adopt the parties' consent-to-discipline agreement and suspend Glitzenstein from the practice of law for 18 months, all stayed on conditions.

{¶ 7} Of the four cases that the parties cited in support of their stipulated sanction, the board found *Disciplinary Counsel v. Barbera*, 149 Ohio St.3d 505, 2017-Ohio-882, 75 N.E.3d 1248, to be most instructive. Barbera's misconduct was similar to Glitzenstein's in that it involved the mismanagement of his client trust account. But in addition to failing to maintain appropriate records, Barbera commingled personal and client funds based on his erroneous belief that all of the money coming into his practice—including money he had already earned—had to be deposited in his client trust account. He also failed to cooperate in the relator's investigation. We suspended Barbera from the practice of law for one year, all stayed on the conditions that he obtain additional continuing legal education ("CLE") focused on client-trust-account management, comply with an OLAP contract for his diagnosed mental disorders, and serve a period of monitored probation.

{¶ 8} The board reviewed additional cases in which we imposed fully stayed suspensions for comparable misconduct on the condition that the attorneys

3

obtain additional education and monitoring to ensure the institution and maintenance of good practice habits. *See*, *e.g.*, *Disciplinary Counsel v. Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892 (imposing a one-year suspension, stayed on conditions including a period of monitored probation and completion of CLE in law-office management and accounting, for misconduct involving the commingling of personal and client funds in and multiple overdrafts of the attorney's client trust account). The board also noted that actual suspensions are typically reserved for client-trust-account violations that involve elements of dishonesty or client harm that are not present in this case. *See, e.g.*, *Disciplinary Counsel v. Vogtsberger*, 119 Ohio St.3d 458, 2008-Ohio-4571, 895 N.E.2d 158 (imposing a two-year suspension with one year stayed on an attorney who deposited personal funds into his client trust account to shield the funds from creditors); *Dayton Bar Assn. v. Scaccia*, 141 Ohio St.3d 35, 2014-Ohio-4278, 21 N.E.3d 290 (imposing a one-year suspension with six months stayed on an attorney who mismanaged and neglected a case resulting in its dismissal, used client retainers to pay expenses without providing adequate documentation, failed to maintain required client-trust-account records, and failed to make restitution to all of the affected clients).

**{¶ 9}** Based on the foregoing, we agree that Glitzenstein's conduct violated Prof.Cond.R. 1.15(a), 1.15(a)(2), 1.15(a)(3), 1.15(c), 1.4(a)(4), 1.16(d), and 1.16(e) and that an 18-month suspension stayed in its entirety is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

**{¶ 10}** Accordingly, Jonell Rae Glitzenstein is suspended from the practice of law in Ohio for 18 months, all stayed on the conditions that she comply with her November 28, 2017 OLAP contract and any extension thereto; complete at least six hours of CLE (in addition to the requirements of Gov.Bar R. X) focused on law-office management, the proper use of a client trust account, and the proper

maintenance of client-trust-account records; complete an 18-month period of monitored probation with a focus on law-office management and compliance with client-trust-account requirements; and engage in no further misconduct. If Glitzenstein fails to comply with a condition of the stay, the stay will be lifted and she will serve the full 18-month suspension. Costs are taxed to Glitzenstein.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

DEWINE, J., not participating.

_____

Roderick, Linton, Belfance, L.L.P., and Robert M. Gippen; Deborah L. Ruby, Co., L.P.A., and Deborah L. Ruby; and Wayne M. Rice, Bar Counsel, for relator.

Montgomery, Rennie, & Jonson, L.P.A., George D. Jonson, and Linda L. Woeber, for respondent.

_____