[Cite as *State v. Henderson*, 2019-Ohio-4041.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH HENDERSON, | : | Case No. 2019CA00026 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                 Appeal from the Canton Municipal
                                         Court, Case No. 2018 TRC 09407


JUDGMENT:                                Affirmed


DATE OF JUDGMENT:                        September 30, 2019


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

KRISTEN BATES-AYLWARD                     STEPHEN J. KANDEL
Canton Law Director                       700 Courtyard Center
                                          116 Cleveland Avenue, NW
JASON P. REESE                            Canton, Ohio 44702
Canton City Prosecutor

By: KRISTINA M. LOCKWOOD
Assistant City Prosecutor
218 Cleveland Ave. SW
Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** Joseph Henderson appeals the decision of the Canton Municipal Court denying his motion to suppress evidence gathered by the Louisville Police Department as well as his conviction for driving while under the influence of alcohol, in violation of R.C. 4511.19(D)(2), a first degree misdemeanor.

**{¶2}** Appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

**{¶3}** Appellant contends that the Louisville Police Department did not have reasonable, articulable suspicion to stop him based upon the report of an employee at the local McDonald's restaurant. He refers this court to a "Cruiser Video" at several significant points in his description of the facts, but that video is not part of the record and neither the transcript of the suppression hearing nor the balance of the record contain evidence that support the facts allegedly revealed by the video. The record presented to us reflects only a consensual encounter with the police and not a traffic stop as alleged by Appellant. For that reason, we find that Appellant's argument is not supported by the facts and the assignment of error must be denied.

**{¶4}** Appellant visited the Louisville McDonald's restaurant on November 23, 2018, just before midnight. As he went through the drive-through he was told the ice cream machine was not working. The McDonald's employee reported to the Louisville Police Department that Appellant became very upset, was causing a disturbance and smelled of alcohol. The McDonald's employee directed Appellant to pull forward and wait for his food, and, while he was waiting, the restaurant manager called the police and reported Appellant's behavior. Louisville Police Officers were dispatched to the scene

with a description of the Appellant's vehicle, a partial license plate number and the location of the vehicle as well as a description of the employee's encounter with Appellant.

**{¶5}** The Louisville police officers arrived at the scene and found a vehicle matching the description provided by the dispatch in the location described by the McDonald's employee. Officer Jordan was first on the scene and asked if Appellant had been drinking. After Appellant denied drinking, Lieutenant Steed assumed responsibility for the case. Lt. Steed noticed Appellant had bloodshot, watery eyes, a strong odor of alcohol and "uncooperative behavior, borderline of being somewhat disorderly, being evasive toward questioning." (Transcript, p. 9, lines 3-5). Lt. Steed concluded that Appellant might be under the influence of alcohol and asked him to step out of the car. The Officer noted that the odor of alcohol did not dissipate when Appellant stepped out of the car.

**{¶6}** Lt. Steed administered field sobriety tests and Appellant performed poorly. Appellant's blood alcohol content was measured that evening at .136 grams by weight of alcohol per two hundred ten liters of the Appellant breath. Appellant was arrested and charged with driving under the influence, a violation of R. C. 4511.19(A)(1)(a) and (d).

**{¶7}** Appellant filed a Motion to Suppress/Dismiss contending there was no reasonable suspicion for the stop and lack of probable cause for the arrest. At the hearing on the motion, Appellant withdrew the second prong of the motion and argued that because neither the McDonald's employees nor the police officers witnessed Appellant driving erratically or committing any traffic violations, there was no support for a traffic stop. Appellee offered the testimony of Lt. Steed, but no video was played or referenced. Appellant did not testify and did not offer any exhibits. In closing Appellant argued that

because there was no bad driving, the traffic stop was unwarranted. The trial court overruled the motion, but focused upon the justification for conducting the field sobriety tests. The Court found that the Appellant's behaviors, his appearance and the proximity of places selling alcohol nearby supported the police officer's administration of the tests. Appellant entered a no contest plea and was convicted of a violation of R. C. 4511.19(A)(1)(d).

{¶8} Appellant filed a timely appeal and submitted one assignment of error:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS."

### STANDARD OF REVIEW

Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.*

*State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12

**{¶10}** "...[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Ornelas v. U.S., 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996).

### ANALYSIS

**{¶11}** The trial court focused upon the detention of Appellant for the administration of field sobriety tests, but Appellant's appeal instead contends that the Louisville Police Department did not have reasonable suspicion to conduct a traffic stop, referring to the initial encounter between Appellant and the officers. He opens his argument by stating "The Officer's act of pulling behind the Appellant's vehicle and activating his overhead lights was a seizure implicating the Fourth Amendment" and he contends the officer "initiated a traffic stop without having witnessed any violations." (Appellant's Brief, p. 3). He notes the call from the McDonald's employee was not reliable and that neither that caller nor the arresting officer witnessed any criminal activity or traffic violation. Appellant does not argue that the administration of field sobriety tests was unwarranted or violative of any right, so our review is limited to an examination of the alleged traffic stop.

**{¶12}** The Appellant argues that the Louisville Police lacked reasonable, articulable suspicion to support a traffic stop, but he has failed to provide any evidence that the officers conducted any type of stop that would implicate the Fourth Amendment. Appellant relies upon a "Cruiser Video" to support his argument, but no video is contained within the record. No video was mentioned at the hearing on the motion to suppress and the transcript expressly states "NO EXHIBITS OFFERED." (Transcript, p. 27). As a practical matter we cannot consider the video because it was not included in the case file and as a legal matter we cannot consider the content of any video because:

*** a bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial. In *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, we reversed the judgment of a court of appeals that had considered, in an appeal from a postconviction proceeding, a transcript that was not before the trial court in the proceeding that was appealed. In *Ishmail*, we declared: "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *Id.* at paragraph one of the syllabus. We have consistently enforced this holding.

*Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13 (2004).

{¶13} Our review is limited to the record, primarily the transcript of the hearing on the motion to suppress. The transcript shows that Appellant was parked at McDonald's and was approached by the officers who began speaking with him about his drinking that evening. The record does not show that Lt. Steed "by either physical force or show of authority restrained the [appellant's] liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter." *State v. Taylor*, 106 Ohio App.3d 741, 747-748, 667 N.E.2d 60 (1995). Based upon the record before us, we are constrained to conclude that this was a consensual encounter where the officers approached appellant "in a public place, engaged him in conversation, requested information, and he was free not to answer and walk away. *Taylor* at 747, 667 N.E.2d 60, citing *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Without evidence that the officers conducted a traffic stop, we conclude the

record reflects no more than consensual encounter which does not trigger Fourth Amendment guarantees. *Taylor,* supra at 747-748, 667 N.E.2d 60.

**{¶14}** Appellant's assignment of error is overruled.

**{¶15}** The decision of the Canton Municipal Court is affirmed.


By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.