[Cite as *State v. Sanders*, 2024-Ohio-2235.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 CA 00083 |
| PETER SANDERS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 23-CR-00287 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 11, 2024 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JENNY WELLS<br>Prosecuting Attorney<br>Licking County, Ohio | SETH SMITH<br>33 W. Main Street, Suite #108<br>Newark, Ohio 43055 |
| KENNETH W. OSWALT<br>Assistant Prosecuting Attorney<br>20 S. Second Street, 4th Floor<br>Newark, Ohio 43055 | PETER SANDERS<br>Inmate #A819379<br>Mansfield Correctional Institution<br>P.O. Box 788<br>Mansfield, Ohio 44901 |

*Hoffman, J.*

**{¶1}** This matter comes before the Court on the *Anders* brief filed by counsel for defendant-appellant Peter Sanders, after the trial court found him guilty of one count of aggravated burglary, one count of strangulation, and an attendant firearm specification, following his guilty plea to the same.

## STATEMENT OF THE CASE

**{¶2}** On May 4, 2023, the Licking County Grand Jury indicted Appellant on one count of aggravated burglary, in violation of R.C §2911.11(A)(2), a felony of the first degree; one count of strangulation, in violation of §2903.18(B)(2), a felony of the third degree. Both counts carried attendant one-year firearm forfeiture specifications. Appellant entered a plea of not guilty to the Indictment at his arraignment on May 9, 2023.

**{¶3}** The trial court originally scheduled the matter for jury trial on July 11, 2023, but continued the trial until September 6, 2023, at Appellant's request. On September 1, 2023, Attorney Kristin Burkett, counsel for Appellant, filed a motion to cancel the jury trial and set the matter for a change of plea and sentencing hearing. Therein, Attorney Burkett advised the trial court it was Appellant's intention to resolve the matter through a plea. Appellant appeared before the trial court on October 13, 2023, withdrew his former pleas of not guilty, entered a plea of guilty to Count One, aggravated burglary, and the specifications, and entered an Alford plea of guilty to Count Two, strangulation. The trial court conducted a Crim. R. 11 colloquy with Appellant during which he acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea.

**{¶4}** The state detailed the facts underlying the charges as follows:

{¶5} On April 26, 2023, officers with the Heath Police Department were dispatched to 327 Union Street, Apartment H11, Newark, Licking County, Ohio, on a report of a disturbance after the caller heard yelling and screaming coming from the residence. When officers arrived at the scene, they also heard arguing coming from inside the residence. Officers knocked and made contact with Appellant and Brittany Stacy. Once separated, Stacy informed officers Appellant was her former boyfriend and they had been together for approximately four months, but she ended the relationship the night before. Stacy reported Appellant entered her apartment using a key she had previously given him, but he had not returned. Appellant pointed a gun at Stacy, put his hands around her neck, and knocked her to the ground, causing injuries to her face and mouth. According to Stacy, Appellant was not on the lease for the apartment and his entrance that evening was uninvited and unannounced. Officers observed redness and scratches on Stacy's neck and a lump on her lip.

{¶6} When officers interviewed Appellant, he admitted his arrival at Stacy's residence was unannounced. Appellant informed officers he had a firearm and indicated it was in his jacket in the bedroom. Officers confiscated a Smith & Wesson 9C 9-millimeter compact firearm. There were six bullets in the magazine and one bullet in the chamber. The weapon was subsequently tested and determined to be operational. Appellant explained he and Stacy had separated, but had not had a formal conversation about breaking up. Appellant added he needed to return Stacy's house key. Officer found the house key on Appellant's key ring and returned it to Stacy.

{¶7} Upon completion of the state's recitation of the facts, Attorney Burkett stated Appellant was entering an Alford plea to Count Two as he denied ever putting his hands

around Stacy's neck. Attorney Burkett noted Stacy, in a recorded interview, indicated the marks on her neck were hickeys from an individual she had been with the previous evening. Attorney Burkett added, while Appellant admitted he had a gun on his person, he denied ever removing the firearm from his jacket pocket. In response to the trial court's question, "do you agree that the State could present sufficient facts which would go to each and every element beyond a reasonable doubt for a jury to make that finding?," Attorney Burkett responded, "We do, Your Honor." Transcript of October 13, 2023 Change of Plea and Sentencing Hearing at pp. 12-13. Appellant, likewise, responded, "Yes, Your Honor." Tr. at p. 13.

{¶8} The trial court accepted Appellant's plea and found him guilty. The trial court sentenced Appellant to an indefinite term of incarceration of 3 to 4 ½ years on count one, a term of incarceration of nine months on count two, and a mandatory one-year period of incarceration on the firearm specification. The trial court ordered the terms be run consecutively for an aggregate period of incarceration of 4 to 5 ½ years.

{¶9} On March 5, 2024, appellate counsel for Appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there were no meritorious issues for appeal and thus, these matters were wholly frivolous. Counsel did not set forth any potential assignments of error, but included two subsections which we shall consider as potential assignments of error:

CHANGE OF PLEA HEARING

SENTENCING HEARING

{¶10} Counsel for Appellant included a Certificate of Service, verifying he served Appellant with a copy of the brief. This Court issued a judgment entry notifying Appellant

his counsel filed an *Anders* brief, and informing Appellant he could file a pro se brief within 60 days of the entry. Appellant filed a pro se brief on April 15, 2024, setting forth the following "Summary of the Argument:"

Ineffective council [sic], where Defendant entered his guilty plea, he was in fact not fully informed and misled by his counsel and initial intent to utilize the Alford plea. The statement of facts was altered by Defendant's council [sic], after removing various details that would have been integral for the Appellant's defense.

Insufficient weight of evidence, Circumstantial evidence and one testimony was not enough to qualify the plea bargain process.

Defendant entered the plea under duress, living in an environment with his parents after Appellant's parents were coerced and "fear mongered" by Defendant[']s previous council [sic] adversely effected [sic] his submission to the plea bargain.

*Anders v. California*

**{¶11}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise

any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶12}** "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2nd Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4; *State v. Marbury,* 2nd Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8; *State v. Chessman,* 161 Ohio App.3d 140, 829 N.E.2d 748, 2005-Ohio-2511 (2nd Dist.), ¶ 16-17 (quoting the same)." *State v. Moore*, 2nd Dist. Greene App. No. 07-CA-97, 2009-Ohio-1416, ¶4.

I

**{¶13}** In the subsection captioned "Change of Plea Hearing," counsel for Appellant reviews a potential argument Appellant's guilty plea was not knowingly, intelligently, and voluntarily entered.

**{¶14}** In deciding whether to accept a plea, a court must determine whether a defendant is making the plea knowingly, intelligently, and voluntarily. *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010-Ohio-5215, 2010 WL 4258622, ¶ 8. "In considering

whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *Id.* (Internal quotations and citations omitted).

{¶15} "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *McDaniel*, supra at ¶ 8, citing *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, 2008 WL 4368206, ¶ 9.

{¶16} Crim. R. 11(C)(2) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for

obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶17}** We have reviewed the transcript of the Crim. R. 11 plea colloquy and find the trial court advised Appellant of the nature of the charges, the minimum and maximum penalties involved, the mandatory nature of the sentence, and the post-release control requirements. The trial court also informed Appellant of the effects of a guilty plea and the rights he would be waiving as a result of his plea. Appellant confirmed his understanding of the trial court's advisements.

**{¶18}** We agree with appellate counsel there is no merit to an argument Appellant's plea was not knowingly, intelligently, and voluntarily entered.

II

**{¶19}** In the subsection "Sentencing Hearing," counsel reviews a potential challenge to Appellant's sentence.

**{¶20}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶21}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶22}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶23}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶24}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to

determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶25}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶26}** Upon our review of the record, we find Appellant's sentence is not clearly and convincingly contrary to law. The trial court considered the principles and purposes of R.C. 2929.11, and the factors set forth in R.C. 2929.12. The sentences were within the permissible statutory ranges. We agree with appellate counsel there is no merit to a potential challenge to Appellant's sentence.

APPELLANT'S PRO SE SUMMARY OF THE ARGUMENT

I

**{¶27}** In his first assignment of error, Appellant raises a claim of ineffective assistance of counsel. Specifically, Appellant contends trial counsel misinformed him on the intended use of the Alford plea. Appellant further asserts the statement of the facts upon which he agreed to plea was altered at the hearing.

**{¶28}** "[D]irect appeals are not the appropriate place to consider allegations of ineffective assistance of trial counsel that turn on information that is outside the record." *State v. Bunch*, 171 Ohio St.3d 775, 2022-Ohio-4723, 220 N.E.3d 773, ¶ 35 (Citations

omitted). Because we cannot consider information outside the record in a direct appeal, we conclude Appellant's claims are speculative. *Id.* (Citations omitted). Speculation alone cannot overcome "the 'strong presumption' that counsel's performance constituted reasonable assistance." *Id.* (Citations omitted).

**{¶29}** Because resolution of Appellant's claims depends upon evidence outside the record, specifically, on the private conversations between Appellant and trial counsel, we cannot consider such evidence as a basis for a finding of ineffective assistance on direct appeal. See, *State v. Sanchez*, 5th Dist. Stark No. 22CA00071, 2023-Ohio-2042.

**{¶30}** Accordingly, we find no merit to Appellant's claim of ineffective assistance of trial counsel.

**{¶31}** Appellant's first assignment of error is overruled.

II

**{¶32}** In his second assignment of error, Appellant challenges his convictions as against the manifest weight and the sufficiency of the evidence.

**{¶33}** Initially, we note, like in his first assignment of error, Appellant's second assignment of error relies upon evidence outside the record. To the extent Appellant relies upon evidence which was not before the trial court, his argument must fail. *State v. Ishmail*, 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.") An appellate court is limited to the record of the proceedings at trial. *State v. Henderson*, 5th Dist. Stark No. 2019CA00026, 2019-Ohio-4041, ¶12, citing *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13.

**{¶34}** Further, "[a] guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." *State v. Hill,* 8th Dist. Cuyahoga No. 90513, 2008-Ohio-4857, ¶ 6, citing *State v. Siders,* 78 Ohio App.3d 699, 701, 605 N.E.2d 1283 (11th Dist.1992).  An *Alford* plea has the same legal effect as a guilty plea.  *State v. Scott*, 5th Dist. No. 12-CA-45, 2014-Ohio-456, 2014 WL 545968, ¶ 19.  See, also, *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("An *Alford*-type guilty plea is a guilty plea in all material respects.")

**{¶35}** Based upon the foregoing, we find no merit to Appellant's challenge to the sufficiency or weight of the evidence and overrule his second assignment of error.

III

**{¶36}** In his third assignment of error, Appellant maintains he was under duress when he entered his plea.  Appellant claims trial counsel coerced and "fear mongered" his parents into pressuring him to plea.

**{¶37}** With respect to Appellant's claim his parents pressured him into entering his guilty plea, we find such assertion relies upon evidence which was not before the trial court; therefore, his argument must fail. *State v. Ishmail*, supra.

**{¶38}** For the reasons set forth in our discussion of appellate counsel's subsection "Change of Plea Hearing," we overruled Appellant's third assignment of error.

**{¶39}** Based upon the foregoing, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

**{¶40}** The judgment of the Licking County Court of Common Pleas is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

King, J. concur