[Cite as *State v. James*, 2024-Ohio-6035.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 24CA00030 |
| | : | |
| JASON JAMES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 2023 CR 936

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 20, 2024

APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

Brian A. Smith
123 South Miller Road, Suite 250
Fairlawn, Ohio 44333

*Delaney, P.J.*

{¶1} Defendant-Appellant Jason James has appealed his conviction in the Licking County Court of Common Pleas after he pleaded guilty to two counts of having weapons while under a disability, two counts of aggravated trafficking in drugs, and one count of aggravated possession of drugs. Plaintiff-Appellee the State of Ohio did not appear in this appeal.

{¶2} The lawyer who was appointed to represent James on appeal has submitted a brief as provided by the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), asserting he found no issue of arguable merit for appeal. He has moved to withdraw as counsel. In his brief to the Court, he has certified that he provided a copy of the *Anders* brief to Defendant. Defendant has not filed a brief.

{¶3} We have independently reviewed the record and have concluded that there is no issue of arguable merit. Accordingly, we grant the Motion to Withdraw and affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶4} Prior to the change of plea hearing, the trial court held the arraignment and two bond hearings on the record. The State provided a Bill of Particulars but did not provide any other discovery responses. Therefore, our review is limited to those transcripts, the Bill, the indictment, and the facts presented at the change of plea hearing. The facts were offered by the prosecutor and Defendant stipulated to them for purposes of the plea.

{¶5} On December 11, 2023, the Central Ohio Drug Enforcement Task Force detectives arranged with a confidential informant to purchase methamphetamine from

Defendant. The purchase was for $150. The sale was arranged by phone and was to take place at an auto repair garage in Licking County, Ohio, where Defendant was employed.

{¶6} Prior to the sale, detectives met with the informant and searched him. They then gave him a recording device and buy money. The informant then traveled to the arranged location. The detectives maintained surveillance during this time and watched the informant enter the garage. They listened to the exchange take place as the Defendant sold the drugs to the informant at a reduced price of $120. The informant left the garage and met back with the detectives at a prearranged location. The informant gave them the methamphetamine and remaining buy money. He told the detectives that Defendant was the only person he observed in the garage.

{¶7} The substance was sent to the Central Ohio Regional Crime Lab for analysis. The lab determined it was 14.1634 grams of methamphetamine.

{¶8} The only people who worked at the garage were Defendant and the owner. The detectives obtained a search warrant for the auto repair garage. Defendant was present during the search.

{¶9} The detectives found a jacket belonging to Defendant in an office. The pockets contained baggies of methamphetamine in ounce and half ounce portions, for a total of 88 grams of methamphetamine. In another pocket, detectives found $400, $120 of which was the buy money given to the informant. In the same office, the detectives also found sandwich size baggies and digital scales with residue on them.

{¶10} On December 12, 2023, Adult Court Services conducted a home visit of a woman in Licking County, Ohio. She was in a relationship with Defendant. While the ACS officers were there, they located a loaded handgun in a room she shared with Defendant.

They also located Defendant's personal belongings. The woman stated she did not know Defendant had a weapon in the room and that he was the only other person who could have left it there. Later that afternoon a detective listened to a recorded phone call with the woman and Defendant in which he stated the weapon was his and he apologized. The weapon was tested by the crime lab and was functional.

{¶11} Prior to these incidents, Defendant had been convicted of robbery in 2008, burglary in 2010, possession of fentanyl. He served approximately 16 years in prison.

{¶12} Defendant was charged with five counts in the indictment: Count One for Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree, Count Two for Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, Count Three for Aggravated Trafficking in Drugs (Methamphetamine), in violation of R.C. 2925.03(A)(1)(C)(1)(c), a felony of the third degree, Count Four for Aggravated Possession of Drugs (Methamphetamine), in violation of R.C. 2925.11(A)(C)(1)(c), a felony in the second degree, and Count Five for Aggravated Trafficking in Drugs (Methamphetamine), in violation of R.C. 2925.03(A)(2)(C)(1)(d), a felony of the second degree. In addition, there was a Forfeiture Specification (U.S. Currency) in violation of R.C. 2981.02(A)(1)(B) and 2941.1417(A), and a Forfeiture Specification (Firearm) in violation of R.C. 2981.02(A)(1)(C) and 2941.1417(A).

{¶13} Defendant initially pled not guilty. He filed discovery requests but did not file any motions with the trial court.

{¶14} Defendant then entered into a plea agreement with the State. Pursuant to the agreement, Counts One and Two merged for purposes of sentencing, with the State

electing Defendant be sentenced on Count One. Counts Four and Five also merged, for purposes of sentencing, with the State electing Defendant be sentenced on Count 5.

{¶15} On February 5, 2024, the court held a hearing so that Defendant could change his plea. The court stated the counts in the indictment. It then entered into a colloquy with the Defendant to determine that the plea change was freely and voluntarily made. It advised Defendant of the rights he was giving up by changing his plea to guilty.

{¶16} The court then heard the facts presented by the State. Defendant agreed with the facts provided.

{¶17} The court advised Defendant of the maximum sentence he would face, including the term of 14-18 years in a state penitentiary, a fine of $35,000, a suspension of his driver's license, and up to three years post release control. The court further advised him that Counts Four and Five required mandatory incarceration and that upon release from the penitentiary he would be placed on a mandatory period of post release control. The court explained that second degree felonies carry with them indeterminate sentences.

{¶18} The court then continued the colloquy and found Defendant's guilty pleas to be "freely, voluntarily, and understandingly" made. The court accepted the guilty pleas and found Defendant guilty of all five counts, as well as two separate forfeiture specifications.

{¶19} Defendant's counsel next spoke and made a joint recommendation for sentencing. The parties agreed to three year mandatory time on Count Five, and two and a half years each on Counts One and Three for a total of eight years. He also asked the court to wave the mandatory fine of $7,500 associated with Count Five.

{¶20} The court then sentenced Defendant. It first merged Counts One and Two and imposed a sentence of 30 months in the state penitentiary. It then merged Counts Four and Five, and imposed a sentence of three to four and a half years on Count 5. The court ordered the terms to run consecutively for an eight to nine and a half year sentence.

{¶21} The court did not impose a fine. It granted the forfeitures for firearms and cash. It also awarded 63 days for time served.

## ANALYSIS

### *Anders* Brief

{¶22} In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court weighed an indigent defendant's right to counsel against counsel's duty to refrain from filing frivolous pleadings. It concluded that if a court appointed appellate lawyer performed a conscientious examination of the record and concluded that the appeal was "wholly frivolous," then he should advise the court and request permission to withdraw. *Id.* at 744. The request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.*

{¶23} Once counsel satisfies these requirements, the appellate court must fully examine the proceedings to determine if any arguably meritorious issue exists. *Id.* An appeal is wholly frivolous if the record is devoid of any legal points arguable on the merits. *State v. Middaugh*, 2003-Ohio-91, ¶ 13 (5th Dist.). If the court determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on

the merits if state law so requires. *Id.* If the court "concludes that there are nonfrivolous issues for appeal, 'it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.'" *Penson v. Ohio*, 488 U.S. 75, 80 (1988), quoting *Anders* at 744.

{¶24} When determining if an issue is frivolous and lacks arguable merit, it is not enough to expect that the prosecution will present a strong argument in reply or to conclude that it is uncertain whether a defendant will prevail on the issue on appeal. *State v. Sanders,* 2024-Ohio-2235, ¶ 12 (5th Dist.). Rather, an issue lacks arguable merit if pursuant to the facts and law "no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶25} In this case, Defendant's counsel has concluded that there is no arguably meritorious claim to raise on appeal. He did not identify any potential assignment of error.

{¶26} This Court has reviewed the record, including the hearing transcript for the plea change and sentencing. After reviewing the record before us, we agree that there is no issue of merit for the Court to review. The trial court complied with Crim.R. 11. The trial court engaged in a thorough colloquy with Defendant. It informed him of the maximum potential penalties, including the effect of his previous convictions. It advised him as to what constitutional rights he was giving up by changing his plea, and it discussed the process for post release. Having ensured that the plea was being made knowingly, voluntarily, and intelligently, the trial court sentenced Defendant to the jointly recommended sentence.

{¶27} In Defendant's appeal to this Court, appellate counsel has followed the *Anders* procedures. We therefore concur with appellate counsel that Defendant's appeal is without merit and wholly frivolous as set forth in *Anders*.

{¶28} Having independently reviewed the record and determined that the proceedings were proper, this Court concludes that counsel's Motion to Withdraw should be granted and the trial court's judgment should be affirmed.

## CONCLUSION

{¶29} Counsel's Motion to Withdraw as counsel is granted. The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.