[Cite as *State v. Rogers*, 2026-Ohio-1024.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25-COA-012 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 24-CRI-223 |
| SIR CHRISTION ROGERS | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: March 24, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** Christopher R. Tunnell, Ashland County Prosecutor, for Plaintiff-Appellee; Edward Clark Corley, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1} This matter comes before the Court on the *Anders* brief filed by Attorney Edward Clark Corley, counsel for defendant-appellant Sir Christion Rogers, after a jury convicted him of complicity to aggravated robbery, complicity to robbery, complicity to safecracking, complicity to theft of drugs, complicity to tampering with drugs, two counts of complicity to failure to comply with an order or signal of a police officer, and six counts of aggravated possession of drugs.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 24, 2024, Appellant drove himself and four other men from Dayton, Ohio, to Ashland, Ohio, with plans to rob the Rite Aid Pharmacy located at 419 Claremont Avenue, Ashland, Ohio. See, *State v. Prater*, 2026-Ohio-438, ¶ 2 (5th Dist.). Appellant remained in the vehicle while the other men entered the pharmacy and proceeded to steal large quantities of prescription medication. The individuals exited the pharmacy and jumped into Appellant's waiting vehicle. *Id*. at ¶ 4.

{¶3} Appellant led police on a high-speed chase for seventy-five miles, reaching speeds as high as 142 mph and avoiding spike strips laid by police to disable the vehicle. *Id*. at ¶ 5. The chase ended on Interstate 270 in the Columbus area, when the vehicle ran out of gas. *Id*. All of the occupants, including Appellant, were arrested. *Id*.

{¶4} The Ashland County Grand Jury indicted Appellant on thirteen counts including complicity to aggravated burglary (Count 1), complicity to robbery (Count 2), complicity to safecracking (Count 3), complicity to theft of drugs (Count 4), complicity to tampering with drugs (Count 5), two counts of complicity to failure to comply with an order or signal of a police officer (Counts 6 and 7), and six counts of aggravated possession of drugs (Counts 8-13). Appellant entered a plea of not guilty to all of the charges.

{¶5} The matter proceeded to jury trial during which Appellant represented himself. The trial court provided stand-by counsel. After hearing all the evidence and deliberating, the jury found Appellant guilty of complicity to aggravated robbery (Amended Count 1), complicity to robbery, complicity to safecracking, complicity to theft of drugs, complicity to tampering with drugs, two counts of complicity to failure to comply with an order or signal of a police officer, and six counts of aggravated possession of drugs.

The trial court sentenced Appellant to an aggregate prison term of 16 years, 108 months (approximate total of 25 years) to 21 years, 108 months (approximate total of 30 years). The trial court memorialized Appellant's sentence via Judgment Entry-Sentencing filed April 15, 2025.

**{¶6}** It is from his convictions and sentence Appellant prosecutes this appeal.

**{¶7}** On November 10, 2025, Attorney Corley filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating the within appeal is wholly frivolous. Attorney Corley included a Certificate of Service, verifying he served Appellant with a copy of the brief. This Court issued a judgment entry notifying Appellant his counsel filed an *Anders* brief and informing Appellant he could file a pro se brief within 60 days of the entry.

## *Anders v. California*

**{¶8}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany his request with a brief identifying anything in the record which could arguably support his client's appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶9}** "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit." (Citations omitted). *State v. Sanders*, 2024-Ohio-2235, ¶ 12 (5th Dist.). "An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal." *Id.* "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

**{¶10}** We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response to counsel's *Anders* brief.

**{¶11}** In his Notice of Appeal, Appellant indicates he is appealing the April 15, 2025 Judgment Entry-Sentencing and states "Issues of fact" under "PROBABLE ISSUES FOR REVIEW." Attorney Corley's *Anders* brief does not set forth potential assignments of error and merely asserts there are no nonfrivolous issues for appeal.

**{¶12}** As mandated by the United States Supreme Court in *Anders*, the Court has fully examined the proceedings below to determine if any arguably meritorious issues exist. After independently reviewing the entire record, including the transcript of the trial and the transcript of the sentencing hearing, we conclude no arguably meritorious issues exist. We find Appellant's sentence is not clearly and convincingly contrary to law. The trial court considered the principles and purposes of R.C. 2929.11, and the factors set forth in R.C. 2929.12. The sentences were within the permissible statutory ranges. We find no merit to a potential challenge to Appellant's sentence. We also find Appellant's convictions were not against the manifest weight of the evidence or based upon insufficient evidence.

{¶13} Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the Ashland County Court of Common Pleas.

{¶14} Costs to Appellant.

By: Hoffman, P.J.

Baldwin, J. and

Montgomery, J. concur.