**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 119.]**

BUTLER COUNTY BAR ASSOCIATION *v.* TURNER.

[Cite as *Butler Cty. Bar Assn. v. Turner*, 2000-Ohio-125.]

*Attorneys at law—Misconduct—Six-month suspension with entire suspension stayed on conditions—Neglecting an entrusted legal matter—Failing to deposit client funds in an identifiable bank account in which funds of the lawyer are not deposited—Failing to promptly pay client funds to which client is entitled.*

(No. 99-2262—Submitted February 9, 2000—Decided May 31, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-05.

_____

{¶ 1} On February 8, 1999, relator, Butler County Bar Association, filed a complaint charging respondent, T. Randall Turner of Monroe, Ohio, Attorney Registration No. 0016670, with violating several rules of the Code of Professional Responsibility. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in April 1994, Calvin Stacy retained respondent to handle the estate of Stacy's wife, who died in March 1994. Except for delivering a funeral bill to respondent in July 1995, Stacy had no contact with respondent until May 30, 1997, despite having made telephone calls to respondent's office and scheduling several appointments with respondent, which respondent did not attend. The panel found that for three and a half years after he was retained, respondent did no work on the estate of Stacy's wife and never returned Stacy's telephone calls.

{¶ 3} The panel further found that in December 1996, Ruth Howland retained respondent, and in May 1997 paid him a retainer of $500 and $158 in court

costs to handle the estate of her deceased husband. Howland's daughter made repeated, almost daily, telephone calls to respondent's office and was always told that respondent was in court or on vacation. The calls were never returned. Shortly thereafter, Howland and her daughter discovered that nothing had ever been filed against her husband's estate.

{¶ 4} The panel also found that in March 1996, William Turner and his sisters retained respondent to handle the estate of their parents, paying him $2,500 and providing him with their parents' wills and other pertinent documents. From that time until July 1997, when Turner and his sisters discovered that respondent had not opened estates for either of their parents, respondent failed to return their telephone calls and cancelled appointments with them. After respondent was removed as attorney for the estates, he produced some of the papers that were provided to him, but has not returned the wills, nor can he find them. Finally, the panel found that after respondent cashed the retainer checks, he put the funds in his lock box and not in a trust account.

{¶ 5} The panel concluded that respondent's conduct violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 9-102(A) (a lawyer shall deposit client funds in an identifiable bank account in which funds of the lawyer are not deposited) and 9-102(B)(4) (a lawyer shall promptly pay to the client funds to which the client is entitled). In mitigation, the panel found that respondent's actions were not motivated by dishonesty or selfishness but were caused by physical and psychological problems, including sleep apnea.

{¶ 6} The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed, on condition that respondent establish an IOLTA (Interest on Lawyer's Trust Account), that respondent continue and complete his treatment with a physician and psychologist specializing in sleep disorders, that during the six months his suspension is stayed, respondent complete six hours of continuing legal education relating to ethics,

professionalism, and law office management, that respondent pay the Turner heirs $1,765.25, and that respondent enter into a mentor relationship with an attorney to be named by the relator. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Sandford I. Casper* and *Leslie S. Landen,* for relator.

*William C. Mann* and *Richard A. Cline,* for respondent.

————————————

*Per Curiam.*

{¶ 7} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed, on condition that during this stay, respondent shall establish a client trust account; respondent shall continue his treatment with a physician and psychologist specializing in sleep disorders; respondent shall complete six hours of continuing legal education relating to ethics, professionalism, and law office management and shall pay the Turner heirs $1,765.25; and respondent shall work with an attorney-mentor to be named by the relator. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 8} I dissent and would suspend respondent for one year with six months stayed with conditions. I believe that respondent's neglect was so severe that without the mitigation, it would warrant indefinite suspension. However, in consideration of his psychological and medication conditions, I believe a lighter

sentence is warranted, but not a full stay of any suspension. Therefore, I respectfully dissent.

_____