[Cite as *State v. Lycans*, 2024-Ohio-2606.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 23CA010 |
| CARRIE LYCANS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Holmes County Court of
                              Common Pleas, Case No. 23CR046

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 8, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MATTHEW MUZIC                             DAVID M. HUNTER
Prosecuting Attorney                      244 West Main Street
Holmes County, Ohio                       Loudonville, Ohio 44842
164 East Jackson Street
Millersburg, Ohio 44654

*Hoffman, P.J.*

{¶1}   This matter comes before the Court on the *Anders* brief filed by counsel for defendant-appellant Carrie Lycans, after the trial court found her guilty of one count of aggravated possession of drugs, following her guilty plea to the same.

## STATEMENT OF THE CASE

{¶2}   On April 4, 2023, the Holmes County Grand Jury indicted Appellant on one count of aggravated possession of drugs, in violation of R.C § 2925.11(A) and (C)(1)(a), a felony of the fifth degree. Appellant was scheduled for arraignment on April 11, 2023. Prior to the hearing, Appellant advised the trial court she was hospitalized and would not be able to appear for her arraignment.  The trial court continued the arraignment two more times due to Appellant's failure to appear.  Appellant was finally arraigned on May 24, 2023, at which time she entered a plea of not guilty to the Indictment.

{¶3}   After Appellant failed to appear for a pre-trial hearing on June 14, 2023, the trial court revoked her bond and issued a warrant for her arrest.  Appellant was arrested on August 11, 2023, and held in the Holmes County Jail.  The trial court scheduled a bond hearing for August 17, 2023.

{¶4}   On August 17, 2023, Appellant appeared before the trial court via video conference from the Holmes County Jail.  The trial court indicated it had been presented with a written plea of guilty form. Pursuant to the terms of the plea agreement, Appellant agreed to plead guilty to the single count in the Indictment, aggravated possession of drugs, and the forfeiture specification, and, in exchange, the State was willing to enter into a joint sentencing recommendation of community control and would not indict Appellant for her failure to appear at the pre-trial hearing on June 14, 2023.  The State

did not object to a recognizance bond following Appellant's plea. A presentence investigation was requested.

{¶5} The trial court conducted a Crim. R. 11 colloquy with Appellant. Based upon the exchange with Appellant, the trial court found she understood her rights, the nature of the charges against her, the effect of a guilty plea, the maximum penalty, and the specific constitutional rights she was waiving. The trial court further found Appellant voluntarily and intelligently entered the plea. The trial court accepted Appellant's plea and found her guilty. The trial court ordered a presentence investigation and scheduled sentencing for October 19, 2023. Appellant was released on her own recognizance.

{¶6} At the October 19, 2023 sentencing hearing, the trial court stated the presentence investigation had not been completed as the result of Appellant's actions. The trial court revoked Appellant's bond and remanded her to jail. On November 16, 2023, Appellant appeared for sentencing via video conference from the Holmes County Jail. The trial court imposed a definite term of imprisonment of six (6) months to be served at a local detention facility. The trial court ordered the forfeiture of the contraband and instrumentalities involved in the commission of the offense.

{¶7} On March 5, 2024, appellate counsel for Appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal and thus, these matters were wholly frivolous. Counsel did not set forth any potential assignments of error, but under the section captioned "Anders Argument and Issues Considered for Possible Appeal," counsel stated, "the undersigned has reviewed the matter to determine whether an issue exists in the sentence imposed by the Trial Court." Brief of Defendant-Appellant at p. 2.

{¶8}   Counsel for Appellant included a Certificate of Service, verifying he served Appellant with a copy of the brief. This Court issued a judgment entry notifying Appellant her counsel filed an *Anders* brief, and informing Appellant she could file a pro se brief within 60 days of the entry. Appellant has not filed a pro se brief, and the State has not filed a response to counsel's *Anders* brief.

*Anders v. California*

{¶9}   In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶10}   "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the

facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citations omitted). *State v. Sanders,* 2024-Ohio-2235 (5[th] Dist.), ¶ 12.

**{¶11}** We address a potential challenge to Appellant's sentence.

**{¶12}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 146 Ohio St.3d 516 (2016). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 140 Ohio St.3d 109 (2014).

**{¶13}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶14}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and

its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶15}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶16}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶17}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.), quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

**{¶18}** Upon our review of the record, including the transcripts of the change of plea hearing held August 17, 2023, and the sentencing hearing held November 16, 2023, we find no arguably meritorious issues exist. Specifically, we find Appellant's sentence is not clearly and convincingly contrary to law. The trial court considered the principles and purposes of R.C. 2929.11, and the factors set forth in R.C. 2929.12. The sentences

were within the permissible statutory ranges. We agree with appellate counsel there is no merit to a potential challenge to Appellant's sentence. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the Holmes County Common Pleas Court.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur