[Cite as *State v. Ridenbaugh*, 2025-Ohio-3036.]

COURT OF APPEALS MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case Nos. CT2024-0127 & CT2024-0128 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case Nos. CT2024-396 and CR2024-514 |
| SHAUN RIDENBAUGH | |
| Defendant – Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: August 25, 2025 |

**BEFORE:** William B. Hoffman, Andrew J. King, David M. Gormley, Appellate Judges

**APPEARANCES:** Joseph Palmer for Plaintiff-Appellee; April F. Campbell for Defendant-Appellant.

OPINION

*Hoffman, P.J.*

{¶1}   This matter comes before the Court on the *Anders* brief filed by counsel for defendant-appellant Shawn R. Ridenbaugh, after the trial court found him guilty of two counts of obstructing justice and two counts of harassment with a bodily substance, following his guilty pleas to the same.

STATEMENT OF THE CASE

{¶2}   On June 27, 2024, the Muskingum County Grand Jury indicted Appellant in Muskingum County Court of Common Pleas Case No. CR2024-0396, on two counts of obstructing justice, in violation of R.C. 2921.32(A)(5) and (C)(4), felonies of the third degree. At his arraignment on July 12, 2024, Appellant entered a plea of not guilty to the charges.

{¶3}   On August 7, 2024, the Muskingum County Grand Jury indicted Appellant in Muskingum County Court of Common Pleas Case No. CR2024-0514, on one count of harassment with a bodily substance, in violation of R.C 2921.38(C) and (D), a felony of the third degree; and one count of harassment with a bodily substance, in violation of R.C. 2921.38(A) and (D), a felony of the fifth degree. At his arraignment on August 14, 2024, Appellant entered a plea of not guilty to the charges.

{¶4}   Appellant appeared before the trial court on August 23, 2024, withdrew his former pleas of not guilty and entered pleas of guilty to two counts of obstructing justice in Case No. CR2024-396, and two counts of harassment with a bodily substance in Case No. CR2024-0514. The trial court conducted a Crim. R. 11 colloquy with Appellant. Based upon the exchange with Appellant, the trial court found he understood his rights, the

nature of the charges against him, the effect of a guilty plea, the maximum penalty, and the specific constitutional rights he was waiving. The trial court further found Appellant voluntarily and intelligently entered the plea. The trial court accepted Appellant's plea and found him guilty. The trial court ordered a presentence investigation.

{¶5} At the September 25, 2024 sentencing hearing, the trial court stated it had reviewed the presentence investigation and noted Appellant's long criminal history. The State indicated the two counts of obstructing justice did not merge for purposes of sentencing, but acknowledged the two counts of harassment with a bodily substance did merge. The trial court imposed thirty-six (36) month sentences on each count and ordered the sentences to be served consecutively.

{¶6} On April 8, 2025, Attorney April Campbell, Appellant's appellate counsel, filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal and thus, these matters were wholly frivolous. Counsel included a Certificate of Service, verifying she served Appellant with a copy of the brief. This Court issued a judgment entry notifying Appellant his counsel filed an *Anders* brief, and informing Appellant he could file a pro se brief within 60 days of the entry.

### *Anders v. California*

{¶7} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with

a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citations omitted). *State v. Sanders,* 2024-Ohio-2235 (5th Dist.), ¶ 12.

{¶9} We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response to counsel's *Anders* brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING RIDENBAUGH'S GUILTY PLEA UNDER CRIM. R. 11 AND ERRED IN SENTENCING HIM.

{¶10} We have reviewed the transcript of the plea hearing, and find the trial court complied with Crim. R. 11 in accepting Appellant's guilty plea.

{¶11} We address a potential challenge to Appellant's sentence.

**{¶12}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 146 Ohio St.3d 516 (2016). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 140 Ohio St.3d 109 (2014).

**{¶13}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶14}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶15}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria

which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶16} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶17} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.), quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶18} Upon our review of the record, including the transcript of the change of plea hearing conducted on August 23, 2024, and the sentencing hearing conducted on September 25, 2024, we find no arguably meritorious issues exist. Specifically, we find Appellant's sentence is not clearly and convincingly contrary to law. The trial court considered the principles and purposes of R.C. 2929.11, and the factors set forth in R.C. 2929.12. The sentences were within the permissible statutory ranges. We agree with appellate counsel there is no merit to a potential challenge to Appellant's sentence.

{¶19} Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the Muskingum County Common Pleas Court.

**{¶20}** For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to Appellant.


By: Hoffman, P.J.

King, J. and

Gormley, J. concur